**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| FUCHS LUBRICANTS CO., a Delaware Corporation, | ) ) ) |
| Plaintiff, | ) ) Case No.: 07 C 6140 |
| v. | ) ) |
| NANCY HUDAK, an individual, | ) ) |
| Defendant. | ) ) ) |

**PLAINTIFF'S MOTION FOR LIMITED,
EXPEDITED DISCOVERY AND TO PRESERVE EVIDENCE**

Pursuant to Rule 26(d) of the Federal Rules of Civil Procedure, Plaintiff FUCHS LUBRICANTS COMPANY ("FLC") moves this Court for leave to conduct limited, expedited discovery on issues raised by FLC in its Emergency Motion for Temporary Restraining Order and Preliminary Injunction and for an order directing defendant NANCY HUDAK ("Hudak") to preserve evidence, including but not limited to all discs and electronic storage devices in her possession, custody and control to which Hudak had access and on which FLC's information may currently or have previously existed. In support of this Motion, FLC states as follows:

1.      FLC has brought this action seeking injunctive and other relief against Hudak, one of its former Laboratory Directors alleging violations of the Illinois Trade Secrets Act, 765 ILCS 1065/1 *et seq.* and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.*

2.      On September 4, 2007, Hudak abruptly resigned from FLC after nearly 20 years of employment, 15 years of which she was FLC's Laboratory Director for its Northeast Division facility.  Despite repeated requests from FLC, Hudak refused to provide a reason for her resignation and refused to state whether she had obtained new employment.  Her only response to FLC's inquiries was: "It was time."

CH1 11341937.1

3. During her tenure as an FLC Laboratory Director, Hudak was given access to many of FLC's trade secrets and other confidential information so that she could perform her duties and responsibilities for FLC. Using FLC's confidential computer network and databases, Hudak would routinely access and review FLC's trade secrets and other confidential information, including FLC's chemical formulations and blends for its existing products and products in development, raw material information, material cost estimates, customer information, competitor data, and competitor production information.

4. In early October 2007, FLC learned that Hudak had joined one of FLC's direct competitors, Hangsterfer's Laboratories ("Hangsterfer"). In light of Hudak's "stone walling" behavior and the discovery of her new employment with an FLC competitor, FLC hired a computer forensic analyst to examine Hudak's FLC-issued computer for evidence of duplicitous conduct.

5. The forensic examination revealed that in the final days of her employment with FLC (August 30 and 31, 2007), Hudak had attached an external hard drive to her FLC-issued computer and had used her computer to access numerous confidential FLC files, including files containing the formulation for Ecocool S-761, one of FLC's newest, most innovative and successful products. Hudak had no reason to access FLC's confidential Ecocool S-761 files to perform her duties at FLC at any time, let alone on her last two days of employment with FLC.

6. The forensic examination also revealed that, as of the last date that the external hard drive was attached to Hudak's FLC-issued computer (August 31, 2007), FLC's confidential files were present and accessed on that external hard drive. Hudak had no authority to attach any external hard drive or similar type storage device to her FLC-issued computer. She did not tell

CH1 11341937.1

FLC that she had transferred FLC's confidential files to an external hard drive and she did not leave that external hard drive with FLC.

7. After learning this information, FLC attempted to contact Hudak to provide her an opportunity to explain her actions. On October 17, 2007, FLC's attorneys sent a letter to Hudak advising her that FLC discovered she had accessed confidential and propriety computer files prior to her resignation and demanding that she return to FLC all files, documents, and other company property that had removed from FLC. To date, neither FLC nor its attorneys have received any response from Hudak or any explanation as to why she attached an external hard drive to her computer only days before resigning from FLC, why she accessed FLC's confidential and proprietary formulations and other confidential and proprietary business information, and why she has these confidential and proprietary files on her external hard drive.

8. FLC has filed a Verified Complaint and an Emergency Motion For Temporary Restraining Order and Preliminary Injunction which more fully detail the facts giving rise to this action.

9. To present the facts of this case to the Court as completely as possible for purposes of FLC's Motion for Preliminary Injunction and to discover the full extent of Hudak's unlawful activities and the corresponding damage being done or already done to FLC, FLC must conduct certain limited, expedited discovery. Specifically, FLC wishes to obtain documents and other tangible items, conduct a forensic examination of any computers, hard drives or other electronic media storage devices that may contain FLC's trade secrets and other confidential information, take the deposition of Hudak, and initiate third-party discovery.

10. If FLC is required to wait to take discovery in the normal course, it will be forced to present its Motion for a Preliminary Injunction on an incomplete record and will continue to

suffer irreparable injury while discovery proceeds in the ordinary course. On the other hand, by allowing expedited discovery, the Court will be in a better position to consider FLC's Motion for a Preliminary Injunction.

11. Rule 26(d) of the Federal Rules of Civil Procedure authorizes this Court to enter an Order permitting expedited discovery, and expedited discovery is appropriate in connection with preliminary injunction motions seeking to prevent irreparable injury. *See Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 844 (D. D.C. 1996) ("Expedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings"); *Edudata Corp. v. Scientific Computers, Inc.*, 599 F. Supp. 1084, 1088 (D. Minn. 1984) (expedited discovery would "better enable the court to judge the parties' interests and respective chances for success on the merits" at a preliminary injunction hearing); *Consumer Sales & Marketing, Inc. v. Digital Equip. Corp.*, 1995 U.S. Dist. LEXIS 13374 (N.D. Ill. Sept. 11, 1995) (extending temporary restraining order and allowing expedited discovery to prepare for preliminary injunction hearing); Advisory Committee Notes to FED. R. CIV. P. 26(d) ("Discovery can begin earlier . . . in some cases, such as those involving requests for a preliminary injunction . . .").

12. Here, the limited, expedited discovery FLC seeks is simply to require Hudak to produce certain documents and things and appear for her deposition, and to permit FLC to initiate third-party discovery and examine Hudak's computer and external electronic media storage devices, that may contain FLC's trade secrets and other confidential information, including the external hard drive that Hudak connected to her FLC-issued computer.

13. FLC is fully prepared to issue discovery upon entry of an order granting this motion.

14. In addition, in order to allow the Court to effectively and completely evaluate the evidence relevant to this matter, FLC respectfully requests an Order preserving all evidence relevant to the determination of FLC's claims. This includes, but is not limited to, hard copy or electronic files or documents, computer files, hard drive data, ambient data, electronic mail messages, instant messages, contracts, invoices, and phone logs in Hudak's custody or control or otherwise available to Hudak concerning or relevant to the issues set forth in the Verified Complaint.

15. While an Order preserving evidence will not prejudice Hudak, it will ensure that the Court has all the relevant information available to it as it considers FLC's claims and the damage that FLC has suffered as a result of Hudak's conduct.

WHEREFORE, Plaintiff Fuchs Lubricants Company respectfully requests that the Court enter an Order:

a) requiring Hudak to respond to FLC's written discovery on or before November 6, 2007; and

b) requiring Hudak to appear for her deposition no later than November 13, 2007; and

c) requiring Hudak to produce for inspection, on or before November 6, 2007, any and all electronic devices that may contain FLC's trade secrets and other confidential information, including, but not limited to, all external hard drives that Hudack has connected at any time to her FLC-issued computer, any home and work computers, flash drives, and other external storage devices; and

d) authorizing the initiation of expedited third-party discovery; and

e) requiring the preservation of all evidence relevant to the facts and circumstances alleged in FLC's Verified Complaint.

        Respectfully submitted,

        FUCHS LUBRICANTS COMPANY.


By: <u>s/ Daniel F. Lanciloti</u>
      One of Its Attorneys

Daniel F. Lanciloti
Janet V. Siegel
SEYFARTH SHAW LLP
131 S. Dearborn Street, Suite 2400
Chicago, Illinois 60603
(312) 460-5000

October 30, 2007

6

CH1 11341937.1