# GROUP EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| FUCHS LUBRICANTS CO., a Delaware Corporation,<br><br>　　　　Plaintiff,<br>v.<br><br>NANCY HUDAK, an individual,<br><br>　　　　Defendant. | Case No.:<br><br>[PROPOSED] ORDER GRANTING LIMITED EXPEDITED DISCOVERY AND TO PRESERVE EVIDENCE |

## ORDER

Upon consideration of Plaintiff's, Fuchs Lubricants Co.'s ("FLC"), Motion for Limited, Expedited Discovery and to Preserve Evidence and any opposition thereto, and having heard the arguments of counsel,

IT IS HEREBY ORDERED:

1.　FLC's Motion for Limited, Expedited Discovery and to Preserve Evidence is GRANTED and FLC is permitted to conduct discovery prior to the time specified in the Federal Rules of Civil Procedure Rule 26 for the purpose of developing evidence related to FLC's Motion for Preliminary Injunction.

2.　In particular, Defendant Nancy Hudak shall respond to FLC's written discovery within seven (7) days of service. Defendant is hereby ordered to appear for her deposition on or before November 13, 2007. Further, expedited third-party discovery may be initiated.

3.　Further, Defendant shall produce for inspection, within seven (7) days, any and all electronic devices that may contain FLC's confidential and proprietary information.

1

4.      Defendant and anyone acting on her behalf who receives notice of this order is hereby ordered to preserve any and all documents, data, information or other evidence that relates in any way to FLC or that is or may be pertinent to any of the allegations, facts or claims set forth in FLC's Verified Complaint or this action, including, without limitation, any data on any computers or computer storage media owned, used by or under the control of Defendant or anyone acting in concert with her.

IT IS SO ORDERED:

DATED this ___ day of _____, 2007.


_____
UNITED STATES DISTRICT JUDGE

2

CH1 11341970.1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| FUCHS LUBRICANTS CO., a Delaware Corporation,<br><br>        Plaintiff,<br>v.<br><br>NANCY HUDAK, an individual,<br><br>        Defendant. | )<br>)<br>)<br>) Case No.:_____<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF DEPOSITION

TO:    Nancy Hudak
         1012 West Lake Avenue
         Guilford, CT 06437

PLEASE TAKE NOTICE THAT Plaintiff Fuchs Lubricants Company, by and through its attorneys, will take the deposition of Nancy Hudak on Friday, November 13, 2007 at the hour of 10:00 a.m., or at such other time as is agreeable by the parties, before a notary public or other official authorized by law to administer oaths, at the law firm of Hill & Hill, 121 Samson Rock Drive, Madison, Connecticut 06443. The deposition will be recorded by stenographic means.

                              Respectfully submitted,

                              FUCHS LUBRICANTS COMPANY


                              By:_____
                                   One of Its Attorneys

Daniel F. Lanciloti
Janet V. Siegel
SEYFARTH SHAW LLP
131 S. Dearborn Street, Suite 2400
Chicago, Illinois 60603
(312) 346-8000

CH1 11341972.1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing NOTICE OF DEPOSITION was served upon Nancy Hudak by the manner designated, before the hour of 5:00 p.m. on this ____ day of October 2007.

*Via Federal Express and hand delivery*

Nancy Hudak
1012 West Lake Avenue
Guilford, CT 06437

_____
Daniel Lanciloti

CH1 11341972.1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| FUCHS LUBRICANTS CO., a Delaware Corporation, ) ) ) Plaintiff, ) v. ) ) NANCY HUDAK, an individual, ) ) Defendant. ) ) | Case No.:_____ |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT NANCY HUDAK

PLEASE TAKE NOTICE THAT pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff FUCHS LUBRICANTS COMPANY ("Plaintiff") requests that Defendant Nancy Hudak ("Defendant") produce for inspection and copying on November 6, 2007, at the offices of Seyfarth Shaw LLP, located at 131 South Dearborn St., Suite 2400, Chicago, Illinois, 60603 the documents described below which are in the possession, custody, or control of Defendant or her agents.

## DEFINITIONS

1.  This request is intended to cover all documents in the possession, custody, or control of Defendant, as well as any and all documents within the possession, custody, or control of any third party or parties who, upon request, would surrender possession, custody, or control to Defendant.

2.  As used herein, the words and phrases set out below shall have the meaning prescribed for them:

CH1 11342048.1

(a) The term "FLC," as used herein, shall refer to Fuchs Lubricants Company, including its affiliates, subsidiaries, predecessors, successors, agents, employees, representatives, or anyone acting or purportedly acting on FLC's behalf.

(b) The term "Hangsterfer" as used herein, shall refer to Hangsterfer's Laboratories, Inc., including its affiliates, subsidiaries, predecessors, successors, agents, employees, representatives, or anyone acting or purportedly acting on Hangsterfer's behalf.

(c) The terms "you" or "your" refer to defendant Nancy Hudak.

(d) The term "document" or "documents" encompasses the fullest extent permitted under the Federal Rules of Civil Procedure and means and includes any and all tangible objects and originals (any copy of any original and any copy which differs in any way from any original) of every writing and recording, photograph, or other memorialization, of every kind or description, whether handwritten, typed, drawn, sketched, printed or recorded by any physical, mechanical, magnetic, optical, electronic, or electrical means whatsoever, and shall include, by way of illustration only and not by way of limitation, notes, correspondence, communications of any nature, telegrams, memoranda, advertisements, notebooks, surveys, graphs, charts, plans, summaries or records of personal conversations, appointment books, diaries, reports, publications, photographs, minutes or records of meetings, transcripts of oral testimony or statements, reports and/or summaries of interviews, negotiations or investigations, agreements and contracts, including all modifications and/or revisions thereof, brochures, pamphlets, drafts, revisions of drafts and translations of any documents, tape recordings, audio recordings, video recordings, records, e-mail, voice mail, computer records, personal digital assistants, electronic storage media, data bases and facsimiles to which Plaintiff now has or has had access to in the past. Any document with any marks on any sheet or side thereof, including

by way of illustration only and not by way of limitation, initials, stamped indicia, any comment or any notation of any character and not part of the original text, or any reproduction thereof, is to be considered a separate document for purposes of these Requests.

3. For each document requested herein, which is sought to be withheld under claim of privilege, please provide a privilege log identifying the date of the document, its author(s), the subject of the document, and the nature of the privilege.

4. This request shall be deemed continuing so as to require a supplemental response upon the discovery of other or further documents affecting Defendant's response as required by Rule 34 of the Federal Rules of Civil Procedure.

## **REQUESTS FOR PRODUCTION**

1. Any and all documents in Your possession which were previously in the possession, custody, or control of FLC.

RESPONSE:


2. All documents evidencing or relating to communications between you and Hangsterfer from July 1, 2007 to the present.

RESPONSE:


4. All documents describing the job that you now or will occupy or perform at Hangsterfer.

RESPONSE:

5.    All documents evidencing or relating to any contracts or agreements between you and Hangsterfer.

RESPONSE:

6.    All documents evidencing or relating to the terms and conditions of your employment at Hangsterfer.

RESPONSE:

7.    All documents that Hangsterfer provided to You.

RESPONSE:

8.    All documents that You provided to Hangsterfer.

RESPONSE:

9.    Your calendars, daily planners, palm pilots, schedules, agendas, itineraries and any other documents relating to your day-to-day business activities from July 1, 2007 to the present.

RESPONSE:

10.    All documents, whether electronic or hard copies, that you obtained or received from FLC's databases, files, or computers.

RESPONSE:

11. All documents that you provided to Hangsterfer before you were hired by Hangsterfer.

RESPONSE:

12. All documents you created on behalf of or for Hangsterfer since September 1, 2007.

RESPONSE:

13. Any external hard drives, "Zip," floppy disk, DVD, or other portable computer disks or drives in your possession, custody, or control.

RESPONSE:

14. All computers owned or used by you whether hand-held, laptop, or desktop.

RESPONSE:


Dated: October 30, 2007                    Respectfully submitted,

                                           FUCHS LUBRICANTS COMPANY


                                           By_____
                                                    One of its Attorneys

Daniel F. Lanciloti
Janet V. Siegel
SEYFARTH SHAW LLP
131 S. Dearborn Street, Suite 2400
Chicago, Illinois 60603
(312) 460-5000

5

CH1 11342048.1

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing ***Plaintiff's First Request for Production of Documents*** was served upon Nancy Hudak by the manner designated, before the hour of 5:00 p.m. on this ___ day of October 2007:

>*Via Federal Express and Electronic Mail*
>Nancy Hudak
>1012 West Lake Avenue
>Guilford, CT 06437

_____
Daniel Lanciloti

Issued by the

# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

FUCHS LUBRICANTS CO.

V.

NANCY HUDAK

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]

TO: HANGSTERFER'S LABORATORIES, INC., c/o Person Identified as Most Knowledgeable as to the Topics Identified in Att. A
175 Ogden Road
Mantua, New Jersey 08051

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION for the person most knowledgeable as to the categories in Att. A<br>Reporting Associates, 112 Haddon Towne Ct., Suite 202, Cherry Hill, NJ 08034 | DATE AND TIME<br>November 15, 2007 10:00 a.m. |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
Any and all documents related to the categories identified in Attachment B

| PLACE Seyfarth Shaw LLP, 131 S. Dearborn Street, Suite 2400, Chicago, IL 60603 | DATE AND TIME<br>November 13, 2007 10:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Plaintiff, FUCHS LUBRICANTS CO. | DATE<br>October 30, 2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Daniel F. Lanciloti, SEYFARTH SHAW, 131 S. Dearborn Street, Suite 2400, Chicago, Illinois 60603, 312-460-5000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED: | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                          DATE                                                 SIGNATURE OF SERVER

                                                                                _____
                                                                                ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(D) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

American LegalNet, Inc.
www.FormsWorkflow.com

## **ATTACHMENT A**

1.      Hangsterfer's Laboratories, Inc.'s ("Hangsterfer") decision to consider, interview and hire Defendant Nancy Hudak ("Hudak"), including all correspondence and agreements between Hangsterfer and Hudak, and any compensation paid to Hudak by Hangsterfer.

2.      Hangsterfer's policies which affect Hudak's employment at Hangsterfer, including but not limited, to non-disclosure of confidential information during and after her employment with Hangsterfer.

3.      Hudak's employment with Hangsterfer including but not limited to her title, job duties and responsibilities.

4.      Any procedures or precautions put in place by Hangsterfer to ensure that Hudak does not use or disclose any of Fuchs Lubricants Co.'s ("FLC") trade secrets or other confidential information.

5.      Hangsterfer's receipt of any information (electronic or otherwise), either directly or indirectly, from Hudak, either prior to or during her employment with Hangsterfer which in any way relates to FLC.

6.      Any communications between Hudak and Hangsterfer regarding FLC.

7.      Any communications between Hudak and Hangsterfer regarding this lawsuit or any claims or allegations raised in this litigation.

## **ATTACHMENT B**

1. Any and all documents referring, reflecting or relating to Defendant Nancy Hudak ("Hudak").

2. Any and all documents referring, reflecting or relating to Hudak's employment with Hangsterfer's Laboratories, Inc. ("Hangsterfer").

3. Any and all documents referring, reflecting or relating to Hangsterfer's employment policies that affect Hudak's employment with Hangsterfer.

4. Any and all information (electronic or otherwise) that Hudak discussed with, disclosed or provided to Hangsterfer, either prior to or during her employment with Hangsterfer, which in any way relates to Fuchs Lubricants Co. ("Fuchs").

5. Any and all documents reflecting the salaries, signing bonuses, monies or other compensation paid to Hudak.

6. Any and all documents referring, reflecting or relating to discussions or other communications between any Hangsterfer personnel and Hudak that in any way relates to FLC.

7. Any and all documents referring, reflecting or relating to any discussions or other communications between any Hangsterfer personnel and Hudak regarding this lawsuit or any claims or allegations raised in this litigation.

CH1 11128101.3