IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| FUCHS LUBRICANTS CO., a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 07 C 6140 |
| v. | ) ) | Judge Leinenweber |
| NANCY HUDAK, an individual, | ) ) | Magistrate Judge Schenkier |
| Defendant. | ) ) | |

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendant Nancy Hudak ("Hudak") respectfully submits this Memorandum of Law in support of her Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). Plaintiff's Complaint should be dismissed with prejudice because this Court has neither general nor specific personal jurisdiction over Hudak, a lifelong resident of Connecticut. Hudak's contacts with Illinois have been virtually non-existent. Hudak simply has not purposely availed herself of the laws and courts of Illinois.

I.  **Statement of Facts**

In a two-count Verified Complaint (the "Complaint"), Plaintiff Fuchs Lubricants Co. ("Fuchs" or "Plaintiff") alleges that Hudak violated the Computer Fraud and Abuse Act (Count I) and misappropriated Fuchs trade secrets in violation of the Illinois Trade Secrets Act (Count II). On October 30, 2007, Fuchs filed a Motion for Temporary Restraining Order and Preliminary Injunction, seeking to compel Hudak, among other things, to return Fuchs' alleged confidential information and trade secrets. Hudak did not take and does not possess any of Fuchs' trade secrets.

While Hudak categorically denies the material allegations of Fuchs' Complaint, and unequivocally disputes that immediate injunctive relief is warranted in this matter, this Court need not, and indeed cannot, address the merits of Fuchs' allegations because it cannot assert personal jurisdiction over Hudak. Hudak has been a resident of Guilford, Connecticut for the past 20 years. *See* Hudak Declaration ("Hudak Decl."), attached hereto as Exhibit A, at ¶ 1. Indeed, except for her years in college, Hudak has resided in Connecticut her entire life. *Id.*

Hudak joined Fuchs, which is headquartered in Harvey, Illinois, in January 1988. Her last day of work with Fuchs was September 4, 2007. During her entire term of employment with Fuchs, Hudak has worked in Connecticut. *Id. See also* Complaint ¶¶ 30, 38.

During her employment with Fuchs, Hudak rarely traveled to Illinois for business purposes. For example, Hudak does not believe she was in Illinois for business in 2007. Hudak Decl. at ¶ 3. Hudak's best recollection is that she may have spent 1½-2 days in Illinois on business in 2006. Hudak cannot recall times earlier than 2006 when she was in Illinois on business except that she was generally in Illinois on business for 2 days every other year. Hudak did not call on any Fuchs customer in Illinois. Hudak cannot recall being in Illinois for non-business reasons in over 25 years. *Id.* at ¶ 2.

Conspicuously absent from Fuchs's Complaint is any allegation concerning this Court's basis or bases for asserting personal jurisdiction over Hudak. Fuchs perhaps intentionally omitted this key assertion because it is well aware that Hudak has no contacts with Illinois.

## II.     This Court Should Dismiss the Complaint Because Its Lacks Personal Jurisdiction Over Hudak

The Illinois long-arm statute permits its courts to exercise jurisdiction on any basis permitted by the Illinois and United States Constitutions. *Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 940 (7th Cir.

2000). Only parties with constitutionally sufficient minimum contacts with Illinois are subject to suit in Illinois because the parties can "reasonably anticipate being haled into court there." *E.g., World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980). The defendant must have *purposefully* established minimum contacts within the forum state before personal jurisdiction will be found to be reasonable and fair. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476 (1985).

It is well-established that a federal court sitting in diversity has personal jurisdiction over a defendant if the jurisdiction is either "general" or "specific." *E.g., Helicopteros Nacionales de Colombia v. Hall,* 466 U.S. 408, 414 (1984). General jurisdiction is proper only when the defendant has "continuous and systematic" contacts with the state in question. *Hyatt Int'l Corp. v. Coco,* 302 F.3d 707, 713 (7th Cir. 2002). If such contacts exist, the court may exercise personal jurisdiction over the defendant even in cases that do not arise out of and are not related to the defendant's forum contacts. *Id.* Specific jurisdiction exists for controversies that arise out of or are related to the defendant's forum contacts. *Steel Warehouse of Wisconsin, Inc. v. Leach,* 154 F.3d 712, 714 (7th Cir. 1998). Regardless of which approach is used to establish jurisdiction, due process requirements must be satisfied such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945).

Each case must be judged on its particular facts. *Burger King Corporation v. Rudzewicz,* 471 U.S. at 485 ("We . . . reject any talismanic jurisdictional formulas"). When considering a motion to dismiss for lack of personal jurisdiction, a court may consider affidavits. *Nelson v. Park Indus., Inc.,* 717 F.2d 1120, 1123 (7th Cir. 1983).

Judged in light of these standards, Fuchs has failed to allege any facts establishing that this Court may exercise personal jurisdiction over Hudak. Because Fuchs has failed to specify the basis or bases of its assertion that this Court has personal jurisdiction over Hudak, Hudak is forced to address both the "general" and "specific" concepts of jurisdiction. Fuchs fails both tests. Notwithstanding, forcing Hudak – a resident of Connecticut – to litigate this case in Illinois would offend every notion of fair play and substantial justice.

### A. This Court Does Not Have General Jurisdiction Over Hudak

General jurisdiction is based upon the defendant's "continuous and systematic" contacts with the forum and exists even if the plaintiff's cause of action arises from the defendant's non-forum related activities. *Coco*, 302 F.3d at 713. Under the Illinois Rules of Civil Procedure, a defendant is subject to general personal jurisdiction in Illinois if the defendant was served in Illinois, is or was a resident of Illinois at the time of the occurrence, is a corporation organized under the laws of Illinois, or does business in Illinois. 735 ILCS § 5/2-209(b). Here, there is nothing in Fuchs' Complaint suggesting that it even claims that this Court has general jurisdiction over Hudak. Hudak does not believe she has been in Illinois in 2007 for business. Hudak Decl. at ¶ 3. Her best recollection is that she may have been in Illinois for 1½-2 days in 2006 for business. *Id.* Hudak has no specific recollection being in Illinois for business prior to 2006 except for two days every other year for business. *Id.* Hudak has not been in Illinois for pleasure for more than 25 years. *Id.* at ¶ 2. She owns no property in Illinois. *Id.* at ¶ 3-4.

### B. The Court Does Not Have Specific Jurisdiction Over Hudak

Where the defendant's contacts with the forum state are limited, such that specific jurisdiction is the only option, the suit must "arise out of" or "be related to" the defendant's minimum contacts with the forum state. *Coco*, 302 F.3d at 716. This nexus is important because

it aims to give "a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *World-Wide Volkswagen*, 444 U.S. at 297. *See also Coco*, 302 F.3d at 716 ("when conducting business with a forum in one context, potential defendants should not have to wonder whether some aggregation of other past and future contacts will render them liable to suit there.").

Before a court will assert specific personal jurisdiction over a defendant, there must be some act by which the defendant purposely avails herself of the privilege of conducting business within the forum state, thus invoking the benefits and protections of the state's laws. *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). This standard is intended to protect a non-resident defendant from jurisdiction based solely on random, fortuitous, or attenuated contacts, or the unilateral activity of another party or third person. *Burger King*, 471 U.S. at 475 (describing the minimum contacts requirement as a "fair warning" to defendants).

Here, Hudak's visit to Illinois for at most two days over the past two years is not enough to subject her to specific jurisdiction by this Court. Hudak's attendance at business meetings in Illinois was *compelled* by Fuchs as a condition of her employment. Simply put, Hudak had the choice of attending the meetings in Illinois or losing her job. Thus, her business-related activities in Illinois were anything but voluntary and *purposeful,* and were instead the result of actions by *Fuchs.* The instant situation is a far cry from one in which a defendant enters Illinois for purposes of profiting from or exploiting its citizens, only to attempt to avoid answering to Illinois' legal system for her actions. *E.g., Khorrami v. Rolince*, 493 F.Supp.2d 1061, 1071 (N.D. Ill. 2007) (holding that the defendants did not have minimum contacts with Illinois because they did not live, work, own property or engage in business in Illinois); *Rendina v.*

*Falco/Rendina/Erickson*, 2006 WL 2578926 (N.D. Ill. 2006) (dismissing the plaintiff's complaint for lack of personal jurisdiction where the plaintiff "offered no allegations that [the defendant's] tortious acts took place in Illinois, other than the fact that [the plaintiff's] injury is in Illinois"); *Rebozo v. Washington Post Co.*, 515 F.2d 1208, 1215 (5th Cir. 1975) (noting the absurdity in allowing a defendant, who is "fully aware of the strong possibility of resulting legal action, to print libelous matters directed at persons in distant localities, yet remain free from suit in such localities in spite of the pecuniary benefits gained in that very jurisdiction where it asserts it cannot be held legally accountable") (internal quote omitted).

Moreover, even if Hudak's infrequent travels to Illinois can be considered "purposeful," they were not sufficiently numerous to satisfy the minimum contacts test. It is well-established that infrequent entries into a state, particularly by an individual, are not sufficient to establish minimum contacts. *E.g., Krok v. Burns & Wilcox, Ltd.*, 1999 WL 262125 (N.D. Ill. 1999) ("While defendants Alan and Herbert Kaufman have both traveled to Illinois a few times a year to transact business in Illinois, Krok has not shown that his causes of action arises out of or are related to any of those visits the Kaufmans' [sic] made to Illinois"); *Paolino v. Argyll Equities, LLC*, 401 F.Supp.2d 712 (W.D. Tex. 2005) (holding that the court did not have personal jurisdiction over the company's president where the president maintained a brokerage account in Texas, held a Texas driver's license, and made infrequent business-related and recreation-related trips to Texas); *United States Theatre Corp. v. Gunwyn/Lansburgh Ltd. P'ship*, 825 F.Supp. 594 (S.D.N.Y. 1993) (holding that the defendant's visit to New York was not sufficient to establish personal jurisdiction because the "center of gravity" of the case was located in Washington, D.C.).

The only "evidence" connecting Hudak's employment to Illinois is that Fuchs resides in Illinois. Even under the most liberal interpretation of Fuchs' Complaint, Fuchs cannot demonstrate that any of Hudak's alleged wrongdoing was committed in, or was directed toward, Illinois. It does not allege, for instance, that Hudak engaged in any wrongdoing during her one trip to its Illinois headquarters more than a year ago. *E.g., Tamburo v. Dworkin*, 2007 WL 3046216, *4 (N.D. Ill. 2007) (finding no personal jurisdiction because "even if the defendants' contacts with Illinois were sufficient to establish minimum contacts, the crucial nexus between the various transactions and the plaintiffs' claims is absent"). Hudak simply has no meaningful contacts, ties or relations with or to Illinois. Her home is Connecticut, not Illinois.

### C. Even if this Court Has General or Specific Jurisdiction Over Hudak, Exercising Personal Jurisdiction Over Hudak Would Offend All Traditional Notions of Fair Play and Substantial Justice

Subjecting Hudak to specific jurisdiction in this district would offend all traditional notions of fair play and substantial justice. In evaluating this prong of the jurisdiction test, courts consider the burden on the defendant, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several states in furthering fundamental substantive social policies. *World-Wide Volkswagen*, 444 U.S. at 292; *see also Deluxe Ice Cream Co. v. R.C.H. Tool Corp.*, 726 F.2d 1209, 1214 (7th Cir. 1984) (stating that a relevant factor "is an assessment of the inconveniences that would result to the defendant by allowing jurisdiction in the forum") (internal quote omitted).

Fuchs cannot offer any compelling reason why subjecting Hudak to litigation in this district is fair. Hudak resides and works in Connecticut and has done so virtually her entire life. Indeed, Fuchs has a major facility in Connecticut. Given Hudak's limited resources, compared to Fuchs's abundant corporate resources, it makes no sense to require Hudak to litigate this case

in this district. Rather, the more logical and appropriate forum in which to litigate this matter, if any, is in the District of Connecticut.

The federal courts in Connecticut are fully capable of interpreting the statutes at issue here, enforcing contracts and upholding the rights of litigants. Fuchs may obtain resolution of its disputes with Hudak in Connecticut as efficiently as it can in Illinois. Accordingly, this Court's exercise of personal jurisdiction over Hudak would offend every traditional notion of fair play and substantial justice. Hudak respectfully requests that this Court dismiss Fuchs's Complaint pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

Dated:  November 5, 2007                                Respectfully submitted,


                                                        By: /s/ David B. Ritter
                                                            One of Her Attorneys


David B. Ritter
Chad W. Moeller
NEAL GERBER & EISENBERG LLP
2 N. LaSalle St., Suite 2200
Chicago, Illinois 60602
(312) 269-8000


NGEDOCS: 1477464.1

# Exhibit A

Case 1:07-cv-06140   Document 11   Filed 11/05/2007   Page 9 of 10

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| FUCHS LUBRICANTS CO., a Delaware corporation, | ) ) ) |
| Plaintiff, | ) Case No. 07 C 6140 ) |
| v. | ) Judge Leinenweber ) |
| NANCY HUDAK, an individual, | ) Magistrate Judge Schenkier ) |
| Defendant. | ) |

### DECLARATION OF NANCY HUDAK

I, Nancy Hudak, being of sound mind and in excess of the age of eighteen, state as follows under the penalties of perjury:

1. I currently reside at 1012 W. Lake Ave., Guilford, Connecticut. I have resided in Guilford for 20 years. Except for college, I have resided in Connecticut on a full-time basis my entire life. I have never lived in Illinois.

2. I have not visited Illinois for non-business reasons in more than 25 years.

3. I have no recollection of being in Illinois in 2007 for business. My recollection is that I may have been in Illinois in 2006 on business for 1/2-2 days. Prior to 2006, I was generally in Illinois on business for 2 days every other year. I have to check my records to be certain when I was in Illinois on business prior to 2006.

4. I do not currently have a residence, office, bank account or other assets in Illinois. Nor do I currently own real or personal property in Illinois.

FURTHER AFFIANT SAYETH NOT.

*/s/ Nancy Hudak*
Nancy Hudak

Dated: November 5, 2007

NGEDOCS: 1477473.1