# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| FUCHS LUBRICANTS CO., a Delaware Corporation, ) ) ) Plaintiff, ) ) v. ) ) NANCY HUDAK, an individual, ) ) Defendant. ) | Case No. 07 C 6140 |

## CONSENT JUDGMENT ORDER

This matter coming to be heard upon the Plaintiff's Motion for Entry of Consent Judgment Order, the Parties having resolved their dispute pursuant to the terms of a duly-negotiated settlement agreement, due notice having been given and the Court having reviewed the Parties' Stipulation of Facts, the Court hereby makes the following findings of fact:

1. This Court has jurisdiction over the parties and the subject matter of this action.

2. Plaintiff Fuchs Lubricants Co. ("Fuchs") manufactures, markets and sells industrial lubricants including, but not limited to, a semi-synthetic lubricant called "Ecocool S-761."

3. Fuchs maintains certain confidential and proprietary information regarding its product formulas (including the chemical ingredients that comprise the product, the amount of those ingredients, the conditions under which the ingredients are combined, and the order in which the ingredients are mixed), blending procedures and processes, production technologies, customer lists and account histories, details of customer contracts, purchasing requirements, marketing and pricing policies, operations and operational methods, information systems and accounting systems, and marketing plans or strategies (collectively, Fuchs' "Confidential Information").

4. Fuchs requires that its Confidential Information be kept strictly confidential by its employees and restricts access to the information.

**Exhibit A**

5. Fuchs derives economic value from its Confidential Information, which is not generally known to its competitors in the industrial lubricant industry, and Fuchs maintains reasonable efforts to maintain the secrecy and confidentiality of its Confidential Information.

6. Defendant Hudak was formerly employed at Fuchs as a Laboratory Director, and in that position she had access to certain of Fuchs' Confidential Information.

7. On September 4, 2007, Defendant Hudak voluntarily resigned from Fuchs, and shortly thereafter began working at Hangsterfer's Laboratories, Inc. ("Hangsterfer's," which is a competitor of Fuchs) in the position of Chief Chemist.

8. On August 30 and 31, 2007 – the last days of her employment at Fuchs – Defendant Hudak accessed and copied certain of Fuchs' Confidential Information from Fuchs' computer systems without Fuchs' knowledge or authorization.

9. During the time period Hudak was employed at Hangsterfer's, she accessed, retrieved and referred to certain Confidential Information that she had copied from Fuchs without Fuchs' knowledge or authorization.

11. Fuchs requires a permanent injunction order to protect its Confidential Information, and to prevent Defendant Hudak and those persons and entities in active concert or participation with Hudak from using, accessing or disclosing Fuchs' Confidential Information.

WHEREFORE, IT IS HEREBY ORDERED:

A. Defendant Nancy Hudak is permanently enjoined from using, accessing, reproducing, or disclosing any Confidential Information (including, but not limited to, any Confidential Information concerning Ecocool S-761) that Hudak obtained during the course of her employment at Fuchs Lubricants Co.

B.  This injunction extends to Nancy Hudak and her agents, servants, employees, attorneys and all other parties who are in active concert or participation with her who receive actual notice of this Order.

C.  Any person or entity in possession of Fuchs' Confidential Information that was disclosed by Hudak or derived from Confidential Information that Hudak copied from Fuchs, shall be considered to be in active concert or participation with Hudak.

D.  For a period of three (3) years following the entry of this Order, Hudak (directly or indirectly, for herself or any other person, and all persons who are in active concert or participation with her) shall be enjoined from: (i) soliciting or attempting to solicit business from any Fuchs Customer, or (ii) persuading, inducing, or attempting to persuade or induce any Fuchs Customer not to do business with Fuchs or to reduce the amount of business done with Fuchs. For purposes of this Order, "Fuchs Customer" shall mean any person or entity known to Hudak with whom Fuchs has done business at any time either during the five (5) years preceding the entry of this Order, or during the five (5) years following the entry of this Order. A Fuchs Customer shall also include a known customer of a Fuchs Customer when the Fuchs Customer is a distributor or reseller.

E.  For a period of three (3) years following the entry of this Order, Hudak (directly or indirectly, for herself or any other person, and all persons who are in active concert or participation with her) shall be enjoined from: (a) hiring, employing, retaining, engaging, contracting with or otherwise interfering with any person who is a Fuchs Employee, or (b) persuading, inducing, or attempting to persuade or induce any Fuchs Employee to leave the employ of Fuchs or otherwise terminate their employment or other relationship with Fuchs. For purposes of this Agreement, "Fuchs Employee" shall mean any person employed at, retained by, or otherwise engaged by Fuchs at any time either during the five (5) years preceding the entry of this Order, or during the five (5) years following the entry of this Order, and whom Hudak knew or had contact with during the course of her employment at Fuchs.

F.  For a period of three (3) years following the entry of this Order, Hudak shall not, directly or indirectly: (a) own, manage, control or conduct a Lubricants Business, (b) accept employment with or otherwise engage in or participate in a Lubricants Business, or (c) provide assistance to anyone owning, managing, controlling or conducting a

3

Lubricants Business. For purposes of this Order, "Lubricants Business" means the manufacture, sale or distribution of industrial lubricants that are substantially similar to or competitive with any product manufactured, sold or distributed by Fuchs.

ENTERED:

_____
UNITED STATES DISTRICT JUDGE

**AGREED:**

| | |
|---|---|
| **NANCY HUDAK** | **FUCHS LUBRICANTS CO.** |
| By: /s/ David B. Ritter    . <br> One of Her Attorneys | By: /s/ Daniel F. Lanciloti    . <br> One of Its Attorneys |
| David B. Ritter <br> Neal, Gerber & Eisenberg, LLP <br> 2 North LaSalle Street, Suite 2200 <br> Chicago, Illinois 60602 | Daniel F. Lanciloti <br> Seyfarth Shaw, LLP <br> 131 S. Dearborn Street, Suite 2400 <br> Chicago, Illinois 60603 |